**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUGUST IMAGE, LLC,<br>Plaintiff,<br><br>v.<br><br>MYSTIFY ENTERTAINMENT NETWORK, INC.,<br>Defendant, | Case No.: |

## COMPLAINT AND JURY DEMAND

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Mystify Entertainment Network, Inc. ("Defendant"), alleges as follows:

## SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2. Plaintiff is a New York corporation with a principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3. Upon information and belief, Defendant is a foreign for-profit business corporation organized and existing under the laws of Delaware and doing business at 4 New York Plaza, 4th Floor, New York, New York 10004.

**JURISDICTION AND VENUE**

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

A. **Plaintiff's Business**

7. Plaintiff is a boutique agency offering a uniquely creative caliber of photography from its full-service rights managed collection. Plaintiff is the exclusive representative for an elite group of creative and innovative contemporary photographers specializing in celebrity and fashion photography and video. On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes. In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

8. Among Plaintiff's many celebrated photographers to have granted Plaintiff an exclusive license of copyrights for the purpose of monetizing their work is Ryan Pfluger, the author of the photographic work at issue in this litigation. Ryan Pfluger is a sought-after fashion and celebrity portrait photographer in the industry.

9. Mr. Pfluger is the sole author of the following portrait of the celebrity Matthew Perry, hereinafter referred to as the "Copyrighted Work."



10. Mr. Pfluger has obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-373-779 for the copyrights in and to the Copyrighted Work.

11. The Copyrighted Work is an original work of authorship.

12. Plaintiff is the beneficial owner as exclusive licensee of the copyrights in and to the Copyrighted Work.

13. Plaintiff licenses Copyrighted Work for professional applications including editorial, advertising, corporate and non-profit use.

**B. Defendant's Unlawful Activities**

14. Defendant is a digital media company that publishes entertainment, celebrity, lifestyle, and pop culture content through multiple online brands. According to the company's LinkedIn profile, Defendant describes itself as a "digital-first pop culture media conglomerate." Defendant owns and controls various publications, including, *RadarOnline*, *Wonderwall*, *Knewz*, and the *Women's Golf Journal,* and *Morning Honey*.

15. The publication *Morning Honey* is published from the AOL platform ("Defendant's Website") and is aimed primarily at adult women and, with short-form articles covering entertainment and celebrity news, current events, health and wellness, beauty and style, travel and lifestyle topics, horoscope and human-interest content. The site operates makes money through online advertising displayed alongside its articles. Defendant publishes a high volume of content designed to attract web traffic, which can then be monetized through display ads and programmatic advertising networks.

16. Plaintiff has learned of Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work at Defendant's Website. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of a derivative work, and publicly displayed, without Plaintiff's authorization at a website owned and operated by Defendant. A copy of a screenshot of Defendant's use is depicted here and is referred to herein as the "Infringing Work:"




URL: https://www.aol.com/articles/matthew-perry-estate-selling-off-093200000.html
Screenshot Taken: 2026-08-03 20:36 (Europe/Budapest) Case ID: CAS-135900 URL ID: UID-01087977 IP Addresses: Client "84.2.19.141" contacted server "www.aol.com" at "2a00:1288:f03d:1fa::2000".

17. Upon information and belief, Defendant operates and at all relevant times has operated Defendant's Website and is directly responsible for the content, including the Copyrighted Work, at Defendant's Website.

18. Upon information and belief, Defendant needed a photograph of Matthew Perry as gossip fodder to exploit the then recent death of the actor and increase traffic at Defendant's Website. Accordingly, Defendant or someone acting on its behalf searched the internet and located the Copyrighted Work and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of the web page depicted on Defendant's Website for the commercial purpose of selling Defendant's good and services, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

19. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work.

20. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization and have harmed the market for the

Copyrighted Work, depriving Plaintiff of its ability to earn licensing fees for Defendant's use and the use Defendant has provided to unknown third parties.

21. Defendant's unauthorized reproduction, distribution, derivation, and public display of the Copyrighted Work was knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights.

22. Defendant's unauthorized reproduction, distribution, derivation, and public display of the Copyrighted Work was knowing and willful in that Defendant is a sophisticated company engaged in the publishing and media business and familiar with copyright laws and knew or should have known of the need to obtain a license for its use of the Copyrighted Work, but chose to use the Copyrighted Work without a license.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 106 *et seq*.)**

23. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

25. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

26. Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Work to others, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Work.

27. By its actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in

the creation of an unlawful derivative works, and publicly displaying the Copyrighted Work at the infringing website.

28. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

29. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b).

30. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Copyrighted Work, which amounts will be proven at trial.

31. In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful; An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed The Copyrighted Works, or any portion or derivation of The Copyrighted Work;

3. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

5. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

8. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 1, 2026

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*August Image, LLC*